**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
DAVID MUNOZ, on his own behalf and on behalf of others, similarly situated,

                    Plaintiff,

           v.

PRO CUSTOM SOLAR D/B/A MOMENTUM SOLAR, LLC, and ARTHUR SOURITZIDIS,

                    Defendants.
-------------------------------------------------------------------------------X

Case No.

**COMPLAINT**

JURY TRIAL DEMANDED

**COUNSELORS:**

PLAINTIFF, DAVID MUNOZ, by and through his undersigned attorneys, for his complaint against Defendants PRO CUSTOM SOLAR D/B/A MOMENTUM SOLAR, LLC and ARTHUR SOURITZIDIS, on his own behalf and on behalf of others, similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of Defendant Pro Custom Solar d/b/a Momentum Solar, LLC, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to: (i) unpaid wages from Defendants for overtime work for which he did not receive overtime compensation pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violation lacked a good faith basis.

2. Plaintiff is a former worker employed by the Defendants as a Sales Representative/Canvasser to work at PRO CUSTOM SOLAR d/b/a MOMENTUM SOLAR, LLC, located at 3096 Hamilton Boulevard #2B, South Plainfield, New Jersey 07080.

3. Plaintiffs bring this action to seek redress for the failure by Defendants to provide minimum wage, overtime wages, spread of hour wages, and failure to provide proper statements with each payment of wages.

4. Defendants' unlawful practices, in violation of the provisions of the Federal Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), include, but are not limited to: Defendant's failure to pay Plaintiffs and all others similarly situated the applicable minimum wage; failure to compensate Plaintiffs and all others similarly situated for wages due for overtime work at not less than one and one-half (1.5) times the regular hourly rate for all hours worked in excess of forty (40) hours per week in a workweek; failure to pay an additional hour's pay at the basic minimum hourly wage rate for everyday Plaintiffs and all others similarly situated worked a spread of hours that exceeded ten (10) hours; and failure to provide proper statements with each payment of wages as required by the NYLL.

**PARTIES**

5. During all relevant time periods, Plaintiff was and still is a resident of the County of Middlesex County, City and State of New Jersey.

6. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Laws § 160 *et seq.* ("NYLL").

7. At all relevant times, Defendant ARTHUR SOURITZIDIS (hereinafter "defendant "SOURITZIDIS") was and still is the CEO and/or owner and/or operator of the Defendants' business.

8. At all relevant times, PRO CUSTOM SOLAR D/B/A MOMENTUM SOLAR, LLC (hereinafter "Defendant SOLAR") was and still is a domestic Limited Liability Company organized and existing by virtue of the laws of the State of New York.

9. At all relevant times, Defendant SOLAR maintained its service of process address at

2

122 East 42nd Street, 18th Floor, New York, New York 10168.

10. At all relevant times, Defendant SOLAR was and still is operating as and/or doing business as "Momentum Solar, LLC."

11. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

13. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

15. At all relevant times, the Plaintiff was hired and employed at Defendants' business in the City, County, and State of New York.

16. Plaintiffs were employed by Defendants from approximately February 2022 up through and including June 2022.

17. Plaintiffs' duties throughout the course of their employment included but were not limited to the business of selling solar energy products, services, and systems to residential and commercial customers.

18. At all relevant times, Defendant SOURITZIDIS was and still is the CEO and/or owner and/or operator of Defendant SOLAR, and was and still is the responsible authority in charge of hiring and firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of

wages; determining and/or establishing work schedules, shifts and/or hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers for misconduct; promulgating and enforcing rules and regulations; and determining the terms and conditions of employment for the Plaintiff.

19. Defendant SOURITZIDIS exercised sufficient control over Defendant SOLAR's day to day operations, so as to be considered an employer of the Plaintiff under the FLSA and New York Labor Law.

20. The Defendant Corporation, Defendant SOLAR, has an annual gross volume of sales in excess of $500,000.00.

21. At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in his employment at Defendant Corporation.

22. Plaintiff has been employed by Defendants from in or about February 2022 until June 2022, and at the time worked in excess of federal and state law regulations of acceptable working hours.

23. For the entire time of his employment, for each and every week of said period, Plaintiff worked Monday through Saturday, for approximately twelve (12) or more hours per day, and was paid a flat weekly salary of $500.00 every other week.

24. At all relevant times, Plaintiff was paid a salary of $500.00 biweekly, regardless of hours worked in total or in excess of 100 hours per week.

25. At all relevant times, Plaintiff's hours worked were not accurately recorded by the Defendants, and at times, the Defendant did not provide any method for keeping track of Plaintiff's hours either in office or at home.

26. Plaintiffs complained numerous times, about his pay, and other conditions that Defendant was subjecting him to.

27. Plaintiff further complained about gas prices and car insurance payments, for which he was never reimbursed as agreed to by Defendants.

28. Plaintiff's continuous complaints were dismissed by the Defendants, and not truly addressed.

29. The Plaintiff continued complaining about not being paid properly.

30. After numerous complaints about the hours worked and the lack of reimbursement for the

4

work-related materials, the Defendants simply advised the Plaintiff to read the contract.

31. In addition to the retaliation, in the form of termination, Defendants began a campaign of harassment and threatening behavior toward Plaintiff, including degradation, insults, and the like, which continued until such time as Plaintiff retained counsel to file this action.

32. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

33. During the relevant time period, Defendants employed at least 12 employees at Defendants' business.

34. Plaintiff was entitled to be paid at least an amount equal to the NYC minimum wage for the first forty (40) hours of his employment.

35. During the relevant time period Plaintiff was paid an amount that was less than the minimum wage for the first forty (40) hours he worked.

36. Upon information and belief, Defendants regularly failed to pay the Plaintiff, an amount equal to at least minimum wage, for the first forty (40) hours of work.

37. Plaintiff was entitled to be paid at least one and one-half of their respective regular rates of pay for each hour in excess of forty (40) hours that they worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

38. During the relevant time periods, the Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

39. During the relevant time periods, Plaintiff was not paid one and one-half times his regular hourly work rate for any hours that he worked in excess of 40 per workweek, in violation of the FLSA and NYLL.

40. Upon information and belief, Defendants regularly fail to pay their employees one and one-half times their regular hourly work rate for any hours that they work in excess of 40 per workweek.

41. Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10)

hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

42. During the relevant time periods, the Plaintiff worked shifts in excess of twelve (12) hours per day, each day he worked, and was entitled to receive spread of hours wages.

43. During the relevant time periods, Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL and NYCRR.

44. Upon information and belief, Defendants regularly fail to pay their employees an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

45. At all relevant times, each of the Plaintiffs were entitled to be paid all of his or her wages.

46. At all relevant times, each of the Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage under the NYLL*)

47. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

48. At all relevant times, Plaintiff was an employee of Defendants and Defendants have been employers within the meaning of NYLL §§ 190, 651, and 652.

49. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

50. Subject to the statutory time limits, Defendants were required to pay Plaintiffs $15 per hour from January 1, 2019 through the present, pursuant to NYLL § 652.

51. Defendants engaged in a pattern, practice, policy, and/or common scheme of failing to pay Plaintiff the applicable minimum wage for any of the hours they required Plaintiffs and the employee Class to work.

52. Defendants violated NYLL § 652 by failing to compensate Plaintiffs the applicable minimum hourly wage.

53. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wage, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

54. Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiff the required minimum wage.

55. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

56. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the FLSA)*

57. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

58. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

59. Defendants expected Plaintiffs to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

60. At no time have the Defendants paid Plaintiffs a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

61. Defendants willfully, knowingly, and intentionally did not, and continue not to, compensate Plaintiff for overtime at a rate of one and one half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

62. As a result of Defendants' violations of the law and failures to pay Plaintiffs required overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

63. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the NYLL)*

64. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

66. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

67. Defendants expected Plaintiffs to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout their employment.

68. At no time have the Defendants paid Plaintiffs a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

69. Defendants willfully, knowingly and intentionally have not, and continue not to, compensate Plaintiff for overtime at a rate of one and one half times their hourly rate of pay for all of

the hours they worked in excess of forty (40) hours a week.

70. As a result of Defendants' violations of the law and failures to pay Plaintiffs the required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

71. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

72. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

73. At all relevant times, Plaintiff was and still is required to work in excess of ten (10) hours in a workday.

74. Plaintiffs were and still are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that he worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, pursuant to the NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

75. Defendants failed to pay Plaintiffs the spread of hour wages to which they were entitled under NYLL.

76. Plaintiffs were and still are entitled to be paid all of their earned wages.

77. Defendants' failure to pay Plaintiff their lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

78. Pursuant to NYLL § 198, Plaintiff is entitled to recovery of full payment of unpaid

9

spread of hour wages, an additional amount equal thereto in liquidated damages, prejudgment interest, attorney's fees, and costs and disbursements of this action.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification Under the NYLL § 195(3))*

79. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

80. Defendants were obligated to provide Plaintiff with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment and annually.

81. At all relevant times, Defendants failed to provide Plaintiffs with the Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

82. As Defendants failed to provide Plaintiffs with proper Wage Theft Prevention Act Notices, annually and upon the commencement of their employment from 2014 to the present as required by NYLL § 195, Plaintiffs are entitled to an amount to be determined at trial, pre-and post-judgment interest, costs, and attorney's fees, as provided for by N.Y. Lab. Law § 195, and § 198.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

83. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

84. At all relevant times, Defendants failed to provide Plaintiffs with the proper statements with every payment of wages, as required by NYLL § 195(1).

85. As Defendants failed to provide Plaintiffs with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs are entitled to an amount to be determined at trial, pre-and post-judgment interest, costs, and attorney's fees, as provided for by N.Y. Lab. Law § 195, and § 198.

## AS AND FOR THE SEVENTH CAUSE OF ACTION

*(RETALIATION UNDER THE FAIR LABOR STANDARDS ACT)*

86. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

87. Defendants retaliated against Plaintiffs after he complained to Defendants regarding their underpayment of compensation for his overtime hours worked and reimbursement for the work supplies, including the aforesaid computer, which Plaintiff purchased with his own funds. Defendant then terminated Plaintiff after he complained of Defendants' improper employment practices and thereafter began a harassment and intimidation campaign via text messages, phone calls, and emails. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

88. Plaintiff suffered mental distress and his employment was terminated as a result of the Defendants' retaliatory actions.

89. Due to the Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

**AS AND FOR THE EIGHTH CAUSE OF ACTION**
*(RETALIATION UNDER THE NYLL)*

90. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

91. Defendants retaliated against Plaintiff after he complained to Defendants regarding their underpayment of compensation for his overtime hours worked and reimbursement for the work supplies, including the aforesaid computer, which Plaintiff purchased with his own funds. Defendant then terminated Plaintiff after he complained of Defendants' improper employment practices and

thereafter began a harassment and intimidation campaign via text messages, phone calls, and emails. Defendant then terminated Plaintiff after he complained of Defendants' improper employment practices.

92. Plaintiff suffered mental distress and his employment was terminated as a result of the Defendants' retaliatory actions.

93. Due to the Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request, pursuant to FRCP 38(b), a jury trial on all claims so triable.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons, seek the following relief:

A. On the First Cause of Action on behalf of Plaintiffs against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiffs against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiffs against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable

attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiffs against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiffs against Defendants for failing to provide WTPA Notices, Damages and liquidated damages in the amount to be determined by this Court, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Sixth Cause of Action on behalf of Plaintiffs against Defendants for failing to provide proper statements with every payment of wages, Damages and liquidated damages in the amount to be determined by this Court, along with all reasonable attorney fees and cost in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct under the FLSA and NYLL.

H. Interest;

I. Costs and disbursements; and

J. Such other and further relief as is just and proper.

Dated: New York, New York
      July 11, 2023                 Respectfully submitted,

By: *Julia M. Sands*
      **JULIA M. SANDS**, **ESQ.**
Hamra Law Group
Attorneys for Plaintiff

1 Linden Place, Suite 207
Great Neck, New York 11201