# EXHIBIT A

# MUTUAL AGREEMENT TO ARBITRATE EMPLOYMENT-RELATED DISPUTES

This MUTUAL AGREEMENT TO ARBITRATE EMPLOYMENT-RELATED DISPUTES ("Agreement") is hereby entered into by and between **David** **Munoz**, ("You", "Your" or "Employee") and Pro Custom Solar LLC d/b/a Momentum Solar ("Company"), collectively ("Parties").

The Company hopes that employment-related disputes with its employees will not occur, but when employment-related disputes do arise it is in the mutual interest of all concerned to handle them promptly and with a minimum of disturbance to You and the Company. Accordingly, to provide for a more expeditious and efficient resolution of certain employment-related disputes that may arise, the Company has instituted a mandatory and binding arbitration procedure for all employees, under which certain unresolved disputes arising from Your employment with the Company or the termination of Your employment must be submitted for resolution to mandatory and binding arbitration.

By agreeing to submit certain employment-related disputes for resolution by binding arbitration, You acknowledge that this Agreement is offered to you in exchange for rights to which you are not otherwise entitled; namely, Your employment or continued employment with the Company, and the more expeditious resolution of any employment-related disputes. In exchange for Your agreement, the Company also agrees to the use of binding arbitration as the exclusive way to resolve certain employment-related disputes, and agrees to employ or to continue to employ You, although this Agreement does not alter Your at-will employment status. **Arbitration replaces Your right and the Company's right to go to court, including the right to have a jury decide any dispute covered by this Agreement. That is, You and the Company will not be permitted to start a lawsuit to resolve any employment-related disputes are covered by this Agreement.**

The details of the procedure to be followed to resolve employment–related disputes are set forth below. You should read this Agreement carefully and consult with an attorney before singing below.

*The Mediation and Arbitration Procedure*

1. As a condition of Your employment or continued employment with the Company, You agree that all "Covered Claims" (as defined in Section 2, arising out of or relating to Your employment relationship with the Company or the

termination of that relationship, must be submitted for final and binding resolution to an impartial Arbitrator, to be jointly selected by You and the Company.

2. *Covered Claims:* The following are deemed "Covered Claims" under this Agreement, whether they are made against You, the Company, of any of the Company's subsidiary or affiliated entities or its individual owners, employees, officers or directors in an official or personal capacity:

    a. Any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable;

    b. Any dispute over whether a particular dispute is within the definition of "Covered Claims";

    c. Any employment-related dispute that could be asserted in court or any disputes, claims, or controversies with any entity or individual arising out of or related to the application for employment, background checks, privacy, the employment relationship or the termination of that relationship, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, retaliation, discrimination or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, victim-specific claims under the CA Private Attorney General Act including those under CA Labor Code Section 558, state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to Employee's employment or the termination of employment (including, unless excluded by state or federal law, torts and post-employment defamation or retaliation); and

    d. Claims made against the Company or any of its subsidiary or affiliated entities, or its individual officers, directors or employees for any matters arising out of any of the above claims.

3. *Employment-related Disputes Excluded from "Covered Claims":* The term "Covered Claims" does not include the following employment-related disputes:

    a. A claim for workers' compensation benefits;

    b. A claim for unemployment compensation benefits;

    c. A claim under the National Labor Relations Act (NLRA);

d. Administrative claims properly presented to an administrative agency, such as the Equal Employment Opportunity Commission (EEOC) or any federal or state agency that has the authority to investigate claims outside the arbitration process. This exception applies only to an initial complaint presented to such an agency, and the Parties agree that they may not pursue any appeal, public hearing, or other adjudication of such a claim other than through binding arbitration pursuant to this Agreement. You may (but You are not required to) choose arbitration to resolve Your dispute rather than pursuing a claim with an administrative agency in the first instance.;

e. Any claim that, as a matter of law, cannot be required to be arbitrated.

f. A claim by either Party for injunctive or other equitable relief, including without limitation claims for violation of an agreement not to compete or not to solicit, unfair competition and the use or unauthorized disclosure of trade secrets or confidential information, to prevent immediate, irreparable harm, which may be brought in court to the extent necessary to preserve the status quo in so the Parties may arbitrate in accordance with this Agreement; and

g. A claim based upon the Company's current (successor or future) employee benefits and/or welfare plans that contain an appeal procedure or other procedure for the resolution of disputes under the plan.

4. *Internal Efforts:* Prior to submitting an employment-related dispute to binding arbitration, both You and the Company agree to make a good faith effort to resolve any dispute internally on an informal basis through the Company's management channels. Only when those internal efforts are unsuccessful will an employment-related dispute be submitted to binding arbitration.

5. *Binding Arbitration:* If a covered dispute cannot be resolved informally, either party may submit the dispute for resolution by final binding arbitration to be conducted before an impartial third-party Arbitrator. The arbitration will be conducted under the American Arbitration Association's ("AAA") Employment Dispute Resolution Rules ("the Rules"), which are incorporated herein by reference, and with the additional requirement that the Arbitration process, proceedings and the outcome will be held strictly confidential, except as is otherwise required by court order or as is necessary to confirm, vacate or enforce the award and for disclosure in confidence to the parties' respective attorneys, tax advisors and senior management for parties that are entities and to immediate family members for parties that are individuals. The Arbitrator will be jointly selected in accordance with the Rules. The Arbitrator will have the authority to allow for appropriate discovery and the exchange of information before a hearing, including the production of documents, depositions and subpoenas. A complete copy of the Rules may be obtained from the AAA website at www.adr.org.

    a. This terms of this Agreement will govern any conflict with the Rules;

    b. The burden of proof at the Arbitration will at all times be on the party seeking relief;

c. In reaching a decision, the Arbitrator must apply the governing applicable federal and/or state statutes, regulations, ordinances and decisional law applicable to the claims, causes of action and defenses asserted in the Arbitration. The Arbitrator shall have the power to award all remedies, including an award of costs, expenses and reasonable attorneys' fees, that could be awarded by a court or administrative agency in accordance with the applicable statutes, regulations, ordinances and decisional law.

6. *Waiver of Class Action Claims.* **By signing this Agreement, You and the Company agree, to the extent permitted by law, to bring any covered dispute to arbitration on an individual basis only and to forego the right for any Covered Claims to be arbitrated on a class action basis or on the basis that claims are being brought in a purported representative capacity on behalf of others. This Agreement prohibits You and the Company from filing, opting into, becoming a class member in, or recovering through a class action, collective action, representative action or similar proceeding in court. The Arbitrator's authority is limited solely and exclusively to Covered Claims between You and the Company, and the Arbitrator's decision will not have any effect as to Covered Claims regarding anyone else. Notwithstanding any other provision in this Agreement, if any portion of this "Waiver of Class Action Claims" provision is deemed invalid or unenforceable, then the entire "Binding Arbitration" provision set forth above shall not apply.**

7. *Time Limits and Procedures:* You and the Company agree to give each other written notice of any employment-related dispute as soon as possible after learning of the facts giving rise to the dispute. The written notice shall describe the nature of all Covered Claims asserted and the facts upon which those claims are based, and shall be hand delivered. Any such notice to the Company can be given to the General Counsel.

    a. Arbitration under this Agreement shall be conducted at the Company's office located in the state where You work or last worked for the Company or the nearest Company office unless an alternative location is mutually agreed upon.

    b. The Arbitrator shall render a decision and award within 30 days after the close of the arbitration hearing. The Arbitrator's decision shall be in writing and signed and dated by the Arbitrator, and shall contain express findings of fact, conclusions of law and the basis for the decision.

    c. All claims in arbitration are subject to the same statutes of limitation that would apply in court. You and the Company shall follow the AAA Rules applicable to initial filing fees, but in no event will You be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. The Company otherwise shall pay the costs and expenses unique to arbitration, including without limitation the arbitrator's fees. The arbitrator must follow applicable law and may award only those remedies that would have applied had the matter been heard in court. The arbitrator's decision must be in writing and contain findings of fact and conclusions of law.

<ol start="4" style="list-style-type: lower-alpha;">
<li>Judgment upon the decision and award rendered by the Arbitrator may be entered in any court having jurisdiction for enforcement or purposes only.</li>
<li>Either You or the Company may bring an action to confirm or vacate the arbitration award in a court of competent jurisdiction pursuant to the grounds set forth by law. To the maximum extent permitted by law, the decision of the arbitrator shall be final and binding on You and the Company and shall be subject to judicial review only to the extent provided by law.</li>
<li>Except as otherwise required by law, You and the Company shall each pay the fees of their own attorneys and the expenses of their own witnesses. However, if either You or the Company prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or for any claim brought by any party to enforce or construe any of the provisions of this Agreement, to recover damages for breach of any of the provisions of this Agreement, or to obtain declaratory relief in connection with any of the provisions of this Agreement, the prevailing party shall, to the extent permitted by law without impairing the enforceability of the arbitration provision hereinabove, be entitled to recover reasonable attorneys' fees and costs. The Arbitrator may award reasonable attorneys' fees in accordance with the applicable statute or written agreement. The arbitrator shall resolve any dispute as to the reasonableness of any fee or cost that may be awarded under this paragraph.</li>
</ol>

8. *No Retaliation/Employment At-Will:*
   a. Under no circumstances will the Company retaliate against You in any way or manner for invoking arbitration under this Agreement to seek the resolution of an employment-related dispute. The Company will take appropriate disciplinary action against any supervisor or management employee that engages in such conduct.
   b. **THIS AGREEMENT DOES NOT CREATE AN EXPRESSED OR IMPLIED CONTRACT OF EMPLOYMENT. THERE IS NO EXPRESS OR IMPLIED PROMISE OR GUARANTEE OF CONTINUED EMPLOYMENT WITH THE COMPANY FOR ANY SPECIFIC DURATION OR PERIOD OF TIME. YOUR EMPLOYMENT IS AT-WILL, WHICH MEANS THAT EITHER YOU OR THE COMPANY MAY TERMINATE THE EMPLOYMENT RELATIONSHIP AT ANY TIME, FOR ANY REASON, WITH OR WITHOUT CAUSE OR NOTICE.**

9. *Governing Law:* This Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. when applicable, shall be construed and regulated in all respects under the laws of the State in which employee was last employed with the Company.

10. This Agreement must be signed by You and the Company. No supervisor or manager of the Company, other than the Company Officer signing below has the authority to modify this Agreement, which must be in writing and signed by You and the Company. This Agreement replaces any written or oral representations made to You before or after You were hired, or before or after You sign this Agreement concerning the subject matter of this Agreement. This is the entire agreement between You and the Company regarding the resolution of employment-related disputes. This

Agreement supersedes any Company policy and/or any prior agreements regarding the resolution of employment-related disputes. This Agreement may be signed in one or more counterparts, which together will form a single agreement. This Agreement may be signed electronically. You may not assign this Agreement. This Agreement may be assigned by the Company.

**BY PROVIDING YOUR SIGNATURE BELOW, YOU INDICATE YOUR AGREEMENT TO THE TERMS OF THIS AGREEMENT. YOU ACKNOWLEDGE THAT YOU HAVE BEEN PROVIDED THE OPPORTUNITY TO REVIEW THE TERMS OF THIS AGREEMENT WITH COUNSEL OF YOUR CHOICE, THAT YOU UNDERSTAND THE TERMS OF THIS AGREEMENT AND THAT YOU ARE SINGING THIS AGREEMENT VOLUNTARILY. BY PROVIDING THE SIGNATURE OF THE COMPANY OFFICIAL NAMED BELOW, THE COMPANY INDICATES ITS AGREEMENT, AS WELL, TO THE TERMS SET FORTH IN THIS AGREEMENT. BOTH YOU AND THE COMPANY UNDERSTAND AND ACKNOWLEDGE THAT BY AGREEING TO THE TERMS IN THIS AGREEMENT, YOU ARE BOTH GIVING UP ANY CONSTITUTIONAL OR STATUTORY RIGHT TO HAVE ANY OF THE COVERED CLAIMS DECIDED IN A COURT OF LAW BEFORE A JUDGE OR A JURY.**

*SIGNATURE PAGE TO FOLLOW*

*Agreed to and acknowledged:*

**Pro Custom Solar LLC**

BY

*[signature: Arthur Souritzidis]*

FIRST NAME
Arthur

LAST NAME
Souritzidis

TITLE
CEO

DATE
9/20/2023

# Employee

BY

David munoz

| FIRST NAME | LAST NAME |
|---|---|
| David | Munoz |

DATE

02/12/2022

David Munoz signed form Momentum Solar - Arbitration Agreement General

Date:02/12/2022 IP Address 69.115.231.1

*David munoz 02/12/2022*