UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**DAVID MUNOZ**, on his own behalf and on behalf               :
of others similarly situated,                                  :
                                                               :
                Plaintiff,   :   **MEMORANDUM DECISION AND ORDER**
                                                               :
        – against –                              :   23-CV-5291 (AMD) (PK)
                                                               :
**PRO CUSTOM SOLAR**, d/b/a **MOMENTUM**                       :
**SOLAR, LLC**, and **ARTHUR SOURITZIDIS**,                    :
                                                               :
                Defendants.  :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff brings this action against the defendants Momentum Solar, LLC (formerly Pro Custom Solar) and Arthur Souritzidis under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The plaintiff alleges that the defendants did not pay him minimum wage, overtime wages, and "spread of hour" wages, and did not provide him with wage statements.

       Before the Court is the defendants' unopposed motion to compel arbitration. For the reasons explained below, the defendants' motion is granted. The action is stayed pending arbitration of the plaintiff's claims.

## BACKGROUND

### I. Factual Background

The following facts are drawn from the complaint, the defendants' brief, and exhibits in this case.[1]

Momentum Solar, LLC, formerly Pro Custom Solar, is a domestic Limited Liability Company located in New Jersey and organized under New York law. (ECF No. 1 ¶¶ 2, 8.) Arthur Souritzidis is the CEO and owner. (*Id.* ¶ 7.) In February 2022, Momentum Solar hired the plaintiff to sell solar energy products, services, and systems to residential and commercial customers. (*Id.* ¶¶ 16–17.)

When Momentum Solar hired the plaintiff, he was given various documents to review and sign. (ECF No. 14-3 at 6.) Among these documents was an arbitration agreement, which the plaintiff signed on February 12, 2022. (ECF No. 14-2 (signed arbitration agreement).) The arbitration agreement provides that "all '[c]overed [c]laims' . . . arising out of or relating to Your employment relationship with the Company or the termination of that relationship, must be submitted for final and binding resolution to an impartial Arbitrator . . . ." (*Id.* at 2–3.) The plaintiff agreed to bring any covered claims "on an individual basis only and to forego the right for any [c]overed [c]laims to be arbitrated . . . on the basis that claims are being brought in a purported representative capacity on behalf of others." (*Id.* at 5.)

---

[1] In deciding the motion, the Court considers documents outside of the pleadings, including documents attached to the defendants' brief. *See Faggiano v. CVS Pharm., Inc.*, 283 F. Supp. 3d 33, 34 n.1 (E.D.N.Y. 2017) ("While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion[], it is . . . necessary[] to consider such extrinsic evidence when faced with a motion to compel arbitration." (citing *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06-CV-839, 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006))).

The agreement defines "covered claims" as

> [a]ny employment-related dispute that could be asserted in court or any disputes, claims or controversies with any entity or individual arising out of or related to . . . compensation . . . minimum wage . . . overtime, breaks and rest periods, retaliation, discrimination, or harassment and claims arising under the . . . Fair Labor Standards Act . . . state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims arising out of or relating to Employee's employment or the termination of employment (including, unless excluded by state or federal law, torts and post-employment defamation or retaliation) . . . .

(*Id*. at 3.)

## II.   Procedural History

The plaintiff brought this lawsuit against Momentum Solar and Arthur Souritzidis claiming violations of the FLSA and the NYLL. (ECF No. 1.) The plaintiff's fourteen-page complaint alleges, largely upon information and belief, wage and hour violations; he alleges that the defendants did not pay him minimum wages for all the hours he worked, including spread of hours pay, or overtime compensation when he worked more than 40 hours a week. (*Id.* ¶¶ 34–45.) He also alleges that the defendants did not provide him with wage statements. (*Id.* ¶ 46.)

On November 6, 2023, the defendants moved to compel arbitration and stay this action. (ECF No. 14.) On January 17, 2024, the Court directed the plaintiff either to stipulate to arbitration or file any opposition by January 22, 2024. (*See ECF Scheduling Order dated Jan. 17, 2024*.) To date, the plaintiff has not responded to the defendants' motion or communicated with the Court about his position.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") covers arbitration provisions in employment contracts and arbitration agreements, including the provision at issue here. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *Sinnett v. Friendly Ice Cream Corp.*, 319 F.

3

Supp. 2d 439, 443 (S.D.N.Y. 2004). The FAA provides that arbitration agreements "evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and establishes a "liberal federal policy favoring arbitration agreements," *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012); *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.").

A court considering whether all or part of an action should be submitted to arbitration under the FAA "must first decide whether the parties agreed to arbitrate." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022). If a court concludes that the parties did so agree, it must then determine "(1) the scope of the agreement to arbitrate; (2) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (3) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration." *Id.*

In making this determination, the court "draws all reasonable inferences in favor of the nonmoving party." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017). This standard is "similar to that applicable for a motion for summary judgment." *Id.* (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)).

## DISCUSSION

A court determining whether parties agreed to arbitrate applies state contract law. *Nicosia*, 834 F.3d at 231; *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019). Under New York law, which the parties agree governs the Employment Agreements, "the burden of proving that a valid arbitration agreement exists" is on "the party seeking

4

arbitration." *Solis v. ZEP LLC*, No. 19-CV-4230, 2020 WL 1439744, at *4 (S.D.N.Y. Mar. 24, 2020) (citations omitted).  Like other contracts, an arbitration agreement may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

In support of their motion, the defendants submitted a copy of the 2022 arbitration agreement and supporting declaration of Jeffrey A. Kopco, Vice President of Legal Affairs of Momentum Solar.  (ECF No. 14-1 (signed declaration); ECF No. 14-2 (signed arbitration agreement).)  The agreement bears the plaintiff's signature (*id.*), which is an objective manifestation of the plaintiff's assent to the contract's terms.  *Hong v. Belleville Dev. Grp., LLC*, No. 15-CV-5890, 2016 WL 4481071, at *3 (S.D.N.Y. Aug. 17, 2016) ("Their signatures on the Agreement thus demonstrate their assent to its terms, including the provision on arbitration."). The plaintiff has not filed any opposition to the defendants' motion.

Accordingly, the plaintiff is bound by his 2022 agreement to arbitrate.  The action is stayed pending arbitration.  (ECF No. 25 at 18 n.7 (requesting a stay in the alternative); *see Ngo v. Oppenheimer & Co.*, No. 17-CV-1727, 2017 WL 5956772, at *5 (S.D.N.Y. Nov. 30, 2017) ("[W]here a party has requested that the proceeding be stayed pending arbitration—whether in the alternative or otherwise—the Court must stay the action."); *Abdullayeva*, 928 F.3d at 226 n.5 ("[I]t is inappropriate for a court to dismiss an action after compelling arbitration where a stay has been requested by any party.").

## CONCLUSION

For these reasons, the defendants' motion to compel arbitration is granted. The action is stayed pending the completion of arbitration, pursuant to Section 3 of the FAA. 9 U.S.C. § 3.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      June 18, 2024